**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

ELISSA V. KAUPISCH, )
*Plaintiff*, )
)
v. ) Cause No. 1:16-cv-02881
)
EQUIFAX INFORMATION SERVICES, LLC, )
DISCOVER BANK, )
DEPARTMENT STORES NATIONAL BANK, and )
CITIBANK NORTH AMERICA, INC., )
*Defendants*. )

**COMPLAINT WITH JURY TRIAL DEMAND**

**PRELIMINARY STATEMENT**

1. This action is based on Defendants' false reporting on Plaintiff's credit reports and failures to follow reasonable procedures and failures to conduct reasonable reinvestigations with respect to such information.

2. The United States Congress has found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 (West) *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources (called "furnishers") that provide credit information to credit reporting agencies.

**PARTIES**

3. Plaintiff, Elissa V. Kaupisch (hereinafter "Kaupisch"), is a natural person who resides in Indiana.

4. Kaupisch is an individual and is therefore a "consumer" as that term is defined by 15 U.S.C.A. § 1681a(c) (West).

5. Defendant, Equifax Information Services, LLC (hereinafter "Equifax") is a credit bureau that conducts business in Indiana.

6. Equifax regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer reports to third parties, and uses interstate commerce to prepare and/or furnish the reports, and accordingly, is considered a "consumer reporting agency" as that term is defined by 15 U.S.C.A. § 1681a(f).

7. Discover Bank (hereinafter "Discover") regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West).

8. Department Store National Bank (hereinafter "DSNB") regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West).

9. Citibank North America, Inc. (hereinafter "Citibank") regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies and is therefore a "furnisher" as that term is used in 15 U.S.C.A. § 1681s-2 (West).

**JURISDICTION AND VENUE**

10. Because this case arises under the Fair Credit Reporting Act, 15 U.S.C.A. § 1681 *et seq.*, jurisdiction of this Court arises under 28 U.S.C.A. § 1331 (West).

11. Venue is proper in this Court because a substantial part of the claim arose in Indiana, Kaupisch resides in Indiana and all Defendants "reside" in Indiana, as that term is used in 28 U.S.C.A. § 1391 (West).

## FACTUAL ALLEGATIONS

12. On July 30, 2014, Kaupisch filed a Chapter 7 Bankruptcy proceeding in the Southern District of Indiana, under Cause No. 14-07122-RLM-7.

13. Discover was listed on the Schedule F, showing an unsecured claim in the amount of $5,552.91, on the account number ending in 3845. A copy of the Schedule F is attached as "Exhibit A."

14. Citibank was also listed on the Schedule F, showing a claim in the amount of $5,417.31, on the account number ending in 9409. *Id*.

15. On September 26, 2014, Discover filed a Proof of Claim in the amount of $5,766.79. A copy of the Proof of Claim is attached as "Exhibit B."

16. On December 16, 2014, Citibank filed a Proof of Claim in the amount of $5,606.55. A copy of the Proof of Claim is attached as "Exhibit C."

17. DSNB did not file a Proof of Claim.

18. Kaupisch received a discharge of her debts by Order of that Court, dated November 18, 2014. A copy of the Discharge is attached as "Exhibit D."

19. Among the debts discharged were the debts owing to Discover, DSNB, and Citibank.

INACCURATE INFORMATION REPORTED BY EQUIFAX

20. Sometime around June of 2016, Kaupisch obtained a copy of her credit report as published by Equifax.

21. That report contained erroneous information as provided by Discover and published and reported by Equifax. Specifically, the Equifax credit report indicated that the debt owed to Discover, with a partial account number ending in 3845, was 120+ days past due, with no mention that it had been discharged in bankruptcy.

22. Because Kaupisch's debt owed to Discover, with a partial account number of ending in 3845, was discharged in bankruptcy, the information described above was inaccurate and misleading.

23. That report also contained erroneous information as provided by DSNB and published and reported by Equifax. Specifically, the Equifax credit report indicated that the debt owed to DSNB, with a partial account number of 900005041…, was charged off, with no mention that it had been discharged in bankruptcy.

24. Because Kaupisch's debt owed to DSNB, with a partial account number of 900005041…, was discharged in bankruptcy, the information described above was inaccurate and misleading.

25. That report also contained erroneous information as provided by Citibank and published and reported by Equifax. Specifically, the Equifax credit report indicated that the debt owed to Citibank, with a partial account number of 900005041…, was charged off, with no mention that it had been discharged in bankruptcy.

26. Because Kaupisch's debt owed to Citibank, with a partial account number of 900005041…, was discharged in bankruptcy, the information described above was inaccurate and misleading.

27. In a letter dated June 15, 2016, Kaupisch disputed the inaccurate and misleading information to Equifax and advised Equifax of the specific facts that rendered the reporting inaccurate and misleading. A copy of the dispute letter is attached as "Exhibit E."

28. Upon information and belief, Equifax timely notified Discover, DSNB, and Citibank of Kaupisch's dispute in accordance with 15 U.S.C.A. § 1681i (West).

29. In a document dated July 12, 2016, Equifax advised Kaupisch that it had researched Kaupisch's dispute and the current status was being reported correctly. Equifax provided a copy of the tradeline as reported that reproduced at least some of the errors identified by Kaupisch in her original dispute letter. Specifically, the tradeline indicates that Kaupisch's debt owed to Discover, under partial account number of 46519603578… was past due from March 2010 through January 2012. A copy of the Equifax reinvestigation report is attached as "Exhibit F."

30. The Equifax reinvestigation report fails entirely to mention the DSNB account, which was disputed in Kaupisch's letter of September 1, 2015. See, "Exhibit F."

31. There is no indication in the tradeline of the "verified" report that Kaupisch disputed the information published by Equifax.

32. Equifax was required to communicate the specifics of Kaupisch's dispute to Discover and DSNB. Likewise, Discover and DSNB have a duty to investigate the dispute and accurately report their findings to Equifax.

33. Equifax had an affirmative duty to reasonably reinvestigate the dispute submitted by Kaupisch and to accurately report the tradeline information notwithstanding the information it received from Discover and DSNB.

INACCURATE INFORMATION AS IT PERTAINS TO ALL DEFENDANTS

34. Equifax is responsible for following reasonable procedures to assure maximum possible accuracy whenever they prepare consumer reports from information in their shared databases.

35. Equifax, independently and jointly, breached their duties as described above.

36. Due to Equifax's failure to conduct reasonable reinvestigations of Kaupisch's dispute, the indication on Kaupisch's credit reports that Kaupisch's debt owed to Discover, under partial account number of 46519603578…, was past-due from March 2010 through January 2012, was foreclosed and with no mention that it had been discharged in bankruptcy, was not appropriately deleted or modified.

37. Due to Equifax's failure to conduct a reasonable reinvestigation of Kaupisch's dispute, it failed entirely to correct or modify the errors associated with DSNB.

38. Due to Experian's failure to conduct reasonable reinvestigations of Kaupisch's dispute, the indication on Kaupisch's credit reports that Kaupisch's debt owed to DSNB, under partial account number of 900005041…, was "charged off", "$3,934 written off", had a balance of $88.00, and no mention that it had been discharged in bankruptcy was not appropriately deleted or modified.

39. By inaccurately reporting debt information after receiving notice of its errors, Discover, DSNB, and Citibank failed to take appropriate measures as set forth in 15 U.S.C.A. § 1681s-(2)(b)(1)(D) and 1681s-(2)(b)(1)(E).

40. Because of Defendants' willful actions and omissions, Kaupisch is eligible for actual damages, statutory damages, punitive damages and reasonable attorney's fees.

**TRIAL BY JURY**

41. Kaupisch is entitled to and hereby requests a trial by jury.

## CAUSES OF ACTION

**COUNT I: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**[**15 U.S.C.A. § 1681e(b) and 1681i (West)**]**

42. Kaupisch incorporates by reference all preceding paragraphs as though fully stated herein.

43. Equifax willfully and/or negligently violated 15 U.S.C.A. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Kaupisch's consumer reports.

44. Equifax willfully and/or negligently violated 15 U.S.C.A. § 1681i in multiple ways including without limitation by failing to conduct a reasonable reinvestigation of Kaupisch's dispute and by failing to appropriately delete or modify inaccurate information in Kaupisch's file.

45. As a result of Equifax's violations of 15 U.S.C.A. § 1681e(b), Kaupisch has suffered actual damages and is therefore entitled to recover actual damages pursuant to 15 U.S.C.A. § 1681n and 1681o (West).

46. Equifax's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

47. Kaupisch is entitled to recover costs and attorney's fees from Equifax pursuant to 15 U.S.C.A. § 1681n and 1681o.

**COUNT II: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**[**15 U.S.C.A. § 1681s-2(b)**]**

48. Kaupisch incorporates by reference all preceding paragraphs as though fully stated herein.

49. Discover willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Kaupisch's dispute from one or more

consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

50. As a result of Discover's violations of 15 U.S.C.A. § 1681s-2(b), Kaupisch has suffered actual damages and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

51. Discover's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

52. Kaupisch is entitled to recover costs and attorney's fees from Navient pursuant to 15 U.S.C.A. § 1681n and 1681o.

**COUNT III: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**[**15 U.S.C.A. § 1681s-2(b)**]**

53. Kaupisch incorporates by reference all preceding paragraphs as though fully stated herein.

54. DSNB willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Kaupisch's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

55. As a result of DSNB's violations of 15 U.S.C.A. § 1681s-2(b), Kaupisch has suffered actual damages and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

56. DSNB's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

57. Kaupisch is entitled to recover costs and attorney's fees from DSNB pursuant to 15 U.S.C.A. § 1681n and 1681o.

**COUNT III: VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**[15 U.S.C.A. § 1681s-2(b)]**

58. Kaupisch incorporates by reference all preceding paragraphs as though fully stated herein.

59. Citibank willfully and/or negligently violated 15 U.S.C.A. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Kaupisch's dispute from one or more consumer reporting agencies, and/or by failing to review all relevant information provided by the consumer reporting agencies, and/or by failing to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the inaccurate information.

60. As a result of Citibank's violations of 15 U.S.C.A. § 1681s-2(b), Kaupisch has suffered actual damages and is therefore entitled to recover actual damages under 15 U.S.C.A. § 1681n and 1681o.

61. Citibank's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C.A. § 1681n.

62. Kaupisch is entitled to recover costs and attorney's fees from Citibank pursuant to 15 U.S.C.A. § 1681n and 1681o.

**WHEREFORE**, Kaupisch respectfully requests the following relief:

a. Actual damages;

b. Statutory damages;

c. Punitive damages pursuant to 15 U.S.C.A. § 1681n;

d. Reasonable attorney's fees and costs pursuant to 15 U.S.C.A. § 1681n and/or 1681o;

e. That an Order be issued for the Defendants to modify, delete or block the inaccurate information being reported; and

f. Such other and further relief as may be just and proper.

Respectfully submitted this 22nd day of October, 2016.

*/s/ Travis W. Cohron*
Travis W. Cohron, No. 29562-30
**BARKER HANCOCK & COHRON**
198 South Ninth Street
Noblesville, IN 46060
Telephone: (317) 203-3000
tcohron@bhclegal.com
***Counsel for Plaintiff Elissa V. Kaupisch***